UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>MICHAEL EDWARD WATSON,<br>Defendant. | Case No. 3:18-cr-00025-MMD-CLB-1<br><br>ORDER |

**I.  SUMMARY**

Defendant Michael Edward Watson is serving a 48-month sentence at the Federal Correctional Complex at Terminal Island for possession of child pornography. (ECF No. 48 at 2-3.) Before the Court is Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the "extraordinary and compelling reasons" presented by the COVID-19 pandemic[1] as applied to his health condition.[2] (ECF No. 46 (the "Motion").) For the reasons explained below, the Court will grant the Motion.

**II.  BACKGROUND**

On November 2, 2018, Defendant pled guilty to possession of child pornography in violation of 21 U.S.C. § 2252A(a)(5)(B). (ECF No. 23 at 3-6; ECF No. 26.) He admitted that he had downloaded images and videos depicting children engaging in sexually explicit conduct. (ECF No. 48 at 3.) On February 8, 2019, the Court sentenced him to 48

---

[1] The Court issues this order during the COVID-19 ("COVID") pandemic, as a novel coronavirus is killing many people around the world, and many governments, including the governments of the United States and Nevada, have at least partially shut down their societies and economies in response.

[2] The government opposes his release. (ECF No. 48.) Defendant filed a reply. (ECF No. 49.) In its response, the government asked the Court to permit victims to be heard (ECF No. 48 at 14), and subsequently indicated it has not received any response to its notice to victims (ECF No. 50).

months in prison and ordered Defendant to surrender for service of sentence on May 13, 2019. (ECF No. 48 at 3; *see also* ECF No. 34.)

Defendant has served 14 months out of his 48-month sentence. (ECF No. 46 at 2; ECF No. 48 at 2.) During his incarceration, he tested positive for COVID but was asymptomatic, and his diagnosis has been resolved. (ECF No. 46 at 7; ECF No. 48 at 13; ECF No. 47 at 86, 93.) Defendant is now in lockdown in a one-room dorm with other inmates who tested positive for COVID. (ECF No. 46 at 9, 11, 13.) Defendant suffers from asthma, obesity, hyperlipidemia, gout, testicular dysfunction, autism, unspecified genitourinary symptoms, and mild osteo-arthritis. (ECF No. 46 at 4, 14-20.)

### III.  LEGAL STANDARD

Defendant specifically seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act ("FSA") of 2018. (ECF No. 46 at 1.) This provision offers Defendant a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c); *see also U.S. v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "It allows the sentencing judge to reduce a sentence based on 'extraordinary and compelling reasons' after the defendant has asked the [Bureau of Prison ("BOP")] to bring such a motion on her behalf and exhausted all administrative rights to appeal the BOP's denial of that request." *United States v. Mogavero*, Case No. 2:15-cr-74-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Moreover, before granting such a request, the Court "must consider the factors in 18 U.S.C. § 3553(a) 'to the extent that they are applicable,' and any sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citations omitted).

### IV.  DISCUSSION

The Court follows a three-step process to evaluate the Motion. The Court first addresses whether Defendant has satisfied the statutory prerequisites under Section

3582(c)(1)(A), then whether Defendant has shown "extraordinary and compelling reasons" for the Court to release him under Section 3582(c)(1)(A)(i), and then addresses the applicable policy statements and sentencing factors, as it must under Section 3582(c)(1)(A). To reiterate, the Court will grant Defendant's Motion.

### A.     Statutory Prerequisites

Section 3582(c)(1)(A) requires that a defendant ask the BOP to bring a motion for compassionate release on the defendant's behalf before filing such a motion with the court, normally done by submitting a request to the warden. *See also* 18 U.S.C. § 3582(c)(1)(A). In addition, a defendant may only bring a motion under Section 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

On May 20, 2020, Defendant submitted a request for compassionate release to the Warden (ECF No. 46-2 at 2) but has not received a response as of the date of the Motion (filed June 19, 2020). "The government concedes that [Defendant] has satisfied the statutory, jurisdictional requirements under [S]ection 3582(c)." (ECF No. 48 at 6.) The Court agrees.

### B.     Extraordinary and Compelling Reasons

Having found Defendant satisfied the statutory prerequisites, the Court moves on to the merits of the Motion.

The parties agree that Defendant's medical conditions puts him at a high risk of COVID complications, but they disagree on whether he is at a high risk of contracting the disease. (ECF No. 46 at 7-14, 20; ECF No. 48 at 12-13.) Defendant argues that he can and will likely be reinfected by his dormmates, who tested positive for COVID. (ECF No. 46 at 12-13.) The government counters that Defendant already contracted COVID and was asymptomatic, implying that he cannot be reinfected. (ECF No. 48 at 13.)

1    The Court finds that there exist extraordinary and compelling reasons for granting
2    the Motion. While the science is unclear on whether reinfection is possible, "the Court
3    must err on the side of caution to avoid potentially lethal consequences for [Defendant]."
4    *United States v. Yellin*, Case No. 3:15-CR-3181-BTM-1, 2020 WL 3488738, at *1-2 (S.D.
5    Cal. June 26, 2020) (finding extraordinary and compelling reasons exist where COVID-
6    positive inmate at Terminal Island, who did not develop severe symptoms, had a
7    combination of medical conditions that made him at risk of COVID complications).
8    Defendant's undisputed medical conditions, which put him at higher risks should he
9    become reinfected, further supports the Court's finding of compelling reasons. Moreover,
10   as Defendant pointed out, Terminal Island previously maintained a certain ratio of sex
11   offenders to non-sex offenders to ensure the safety of all inmates, but the prison has
12   abandoned that policy in responding to the pandemic. (ECF No. 46 at 13.) Defendant is
13   fearful of the non-sex offenders in his dormitory who harass and intimidate him. (ECF No.
14   46-1 at 2-3.) The government has not addressed this issue. For the foregoing reasons,
15   the Court finds that there exist extraordinary and compelling reasons for granting the
16   Motion.

### C.    Applicable Policy Statements

Under the FSA, any sentence reduction for "extraordinary and compelling circumstances" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Before the FSA's passage, the Sentencing Commission issued a policy statement (U.S.S.G. § 1B1.13 at cmt. 1 (the "Policy Statement")) that limited "extraordinary and compelling reasons" to four scenarios.[3] *U.S.A. v. Defendant(s)*, Case No. 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

---

[3]The Policy Statement identifies only four qualifying conditions: (1) a serious medical condition (i.e., that the defendant is either "suffering from a terminal illness" or some other serious condition "that substantially diminishes the ability of the defendant to provide self-care" in prison); (2) the defendant's age in combination with a medical condition (i.e., that the defendant is at least 65 years old, is experiencing deteriorating

The government argues that the Court is limited to considering conditions outlined in the Policy Statement, none of which Defendant qualifies for because he has already recovered from COVID and is being well cared for by BOP medical staff. (ECF No. 48 at 6, 12-13.) But the Court's discretion is not limited to the conditions set forth in the Policy Statement. *See United States v. Regas*, Case No. 3:91-cr-57-MMD-NA-1, 2020 WL 2926457, at *3-4 (D. Nev. June 3, 2020). The Court therefore finds that the government's argument is without merit.

### D.    Section 3553(a) Factors

The Court must next consider the factors set forth in Section 3553(a) to the extent they are applicable. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission[4]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)-(7). As to the Section 3553(a)(2) factor, the need for a sentence must be sufficient, but not greater than necessary, to serve the purpose of "just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017) (citation and internal quotes omitted).

The government argues that the Section 3553(a) factors weigh against granting the Motion, given the gravity of Defendant's offense and because his COVID symptoms

---

health, and has served a substantial portion of her sentence); (3) certain family circumstances (e.g., the incapacitation of a spouse); or (4) some other reason "determined by the Director of the [BOP]." *See* U.S.S.G. § 1B1.13 at cmt. 1.

[4]Because the Sentencing Commission never released guidelines with respect to compassionate release under the FSA, Section 3553(a)(5)'s pertinent policy statement factor is neutral. *United States v. Regas*, Case No. 3:91-cr-57-MMD-NA-1, 2020 WL 2926457, at *4 n.7 (D. Nev. June 3, 2020) (citation omitted).

have resolved. (ECF No. 48 at 14.) Defendant asserts that he is at a low risk of recidivism because he has no criminal history, does not abuse substances, has taken an array of classes in prison, and has been a model prisoner. (ECF No. 46 at 20-21.) Defendant also points out that the government has failed to address the possibility of Defendant's reinfection and his vulnerability to COVID complications. (ECF No. 49 at 2-3.)

While the nature and circumstances of Defendant's offense are indeed serious, the Court agrees with Defendant's arguments. In particular, Defendant has demonstrated that he is at low risk of recidivism because the offense of conviction was his first, he was in compliance while on pretrial release and has demonstrated an effort to work towards rehabilitation and self-improvement during his time in custody. In addition to the conditions imposed at the time of sentencing, requiring home confinement for a period of 24 months as an additional special condition sufficiently addresses the need to protect the public. On balance, the Court finds that the Section 3553(a) factors weigh in favor of releasing Defendant.

## V.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion for compassionate release (ECF No. 46) is granted.

It is further ordered that Defendant is subject to lifetime supervised release as imposed in the Judgment (ECF No. 34).

It is further ordered that in addition to the mandatory, standard and special conditions of release imposed in the Judgment, the Court imposes an added special condition of home confinement with location monitoring for a period of 24 months.

It is further ordered that Defendant be placed in self-quarantine for a 14-day period consistent with BOP policy before he is released.

DATED THIS 22nd day of July 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE